Law Library

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                )        Criminal Case no. CF 292-12
                              )
        v.                    )
                              )        **DECISION AND ORDER**
                              )        re: Motion for Acquittal
ZACHARY MATTHEW GAGAN,         )
                              )
                              )
                Defendant.    )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on January 16, 2013. The People were represented by Assistant Attorney General Matthew Heibel. The Defendant was represented by Assistant Public Defender Maria G. Fitzpatrick. After considering the matters presented, the court now issues the following decision and order denying Defendant's motions to acquit, for new trial and to seal the records.

## BACKGROUND

On November 27, 2012, a jury found Defendant Gagan guilty of one count of first degree criminal sexual conduct as described in Section 25.15(a)(1) of Title 9 of the Guam Code. On December 4, 2012, Defendant filed a paper entitled, Motion and Memoradum of Points and Authorities in Support of Motion for Judgment of Acquittal. In his paper Defendant argues that the testimony elicited at trial was not sufficient to meet the elements of the offense. In support of this argument the Defendant cites to the testimony of the victim J.N. and argues that it was not specific enough to establish the elements of fellatio or a violation of the statute because there was no testimony of an intrusion or other more specific testimony about the assault.

The People filed their response in opposition to the motion for acquittal on December 10, 2012. In support of their motion in opposition the People argue that specific testimony is not required and that a fact-finder is allowed to draw reasonable inferences from the testimony. They assert that the victim's testimony that Defendant's face was in his crotch area, that his penis was exposed, that the Defendant was touching his penis with some part of his face, and that he felt that his penis was wet, was sufficiently specific to allow the inferences necessary to meet the statutory elements.

Defendant filed his reply to the People's opposition on January 22, 2013. In it Defendant reasserts his argument that because the victim did not adequately describe fellatio he should be acquitted.

On December 4, 2012, Defendant also filed a paper entitled, Motion for New Trial / and for Sealing Records with the File. In support of his request Defendant cites to Section 110.30(a) of Title 8 and Section 55.25 of Title 9 of the Guam Code and argues that his request is justified by the People's failure to timely disclose the juvenile record of the victim. Additionally Defendant cites to Rules 1.6 and 1.7 of the Guam Rules of Professional Conduct and argues that Defendant was denied the effective assistance of counsel because of a potential conflict of interest that was discovered between himself and his legal counsel on the morning of the trial. In support of this argument the Defendant asserts that the Public Defender Corporation represented the victim in his juvenile matter. Defendant also cites to the testimony of the victim's mother, who noticed a change in behavior brought on by a separate event. He argues that his counsel may have been unable to fully question the victim about this event because of the prior attorney-client relationship.

The People filed a paper in opposition to Defendant's request for a new trial on December 10, 2012. In their opposition the People assert and argue that the information about the victim's juvenile record and its potential conflict issues were provided to the Defendant as soon as counsel for the People became aware of them. They also assert that the victim's juvenile offense, regarding one instance of possible marijuana possession, occurred 6 months after Defendant's sexual assault upon the victim. The People argue that therefore the information in the victim's juvenile record was irrelevant to the earlier sexual assault act and that no cognizable harm arose from the potential conflict.

In reply to the People's opposition Defendant asserts that a witness at trial testified to facts which contradicted the victim's testimony of the event of the assault. He argues that the inconsistency merits a new trial. Defendant cites to a 1994 Nevada Supreme Court case to support this argument. In the Nevada case, because of conflicting witness testimony about the size and condition of a victim's room, the Nevada court granted a motion for new trial. *State v. Purcell*, 887 P.2d 276, 277 (Nev. 1994). This argument was only raised on reply and was not made in Defendant's initial motion for new trial.

In his motion for new trial Defendant also requested that the juvenile records and the police reports reviewed in-camera by the court be sealed and that they be made part of the record for purposes of appeal. Defendant's request was not opposed by the People.

## DISCUSSION

### Motion to Acquit

When considering a motion for acquittal a court is to review whether, after considering the evidence in the light most favorable to the prosecution, any rational jury, beyond reasonable

doubt, could have found the elements of the offense. Section 25.15(a)(1) of Title 9 of the Guam Code provides,

> (a) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with the victim and if any of the following circumstances exists:
> (1) the victim is under fourteen (14) years of age.

9 GCA § 25.15(a)(1). The term sexual penetration is defined by Section 25.10(a)(9). It provides,

> Sexual Penetration means sexual intercourse, cunnilingus, fellatio, anal intercourse or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required.

9 GCA § 25.10(9). Upon review of the testimony the court finds that absent facts sufficient to establish fellatio that there was no testimony sufficient enough to meet any of Section 25.15's prohibited acts.[1] The Guam Code has no specific definition for fellatio. In 2000 the U.S. Supreme Court found that, "An undefined term must be construed in accordance with its ordinary and plain meaning." *Stenberg v. Carhart*, 530 U.S. 914, 992 (2000), citing, FDIC v. Meyer, 510 U.S. 471, 476 (1994). Fellatio is defined by Black's Law Dictionary as, "the offense committed with the male sex organ and the mouth." Black Law Dictionary 743 (4th ed. 1968). In 2012 the North Carolina Supreme Court affirmed its appellate court's holding that "[f]ellatio is defined as any touching of the male sexual organ by the lips, tongue, or mouth of another person." *State v. Sweat*, 727 S.E.2d 691, 695 (N.C. 2012). Similarly the Appellate court of Minnesota in 2009, faced with an issue of whether fellatio should be defined to include the stimulation of the penis, affirmed a district court's broader instruction to a jury that, "Fellatio

---

[1] There was no testimony that the victim or defendant's genital or anal opening was intruded into.

constitutes sexual penetration if there is any contact between the penis of one person and the mouth, tongue or lips of another person." *State v. Ptacek*, 766 N.W.2d 355, 359 (Minn. Ct. App. 2009). A review of the other U.S. jurisdictions with statues similar or identical to the Guam Code prohibitions reveals similar definitions among the jurisdictions.

In this case there was evidence that Defendant's face was in the victim's crotch area, that victim's penis was exposed, that the Defendant was touching the victim's penis with some part of his face, and that the victim felt that his penis was wet. Under the appropriate standard of review and in consideration of the common definition of fellatio, the Court finds that there was sufficient evidence for a rational juror to find that Defendant violated section 25.15(a)(1).

**Motion for New Trial**

Defendant requests that he be granted a retrial pursuant to the authority of Section 110.30(a) of the Guam Code. This section provides that, "[t]he court on motion of a defendant may grant a new trial to him if required in the interests of justice." In 2011 the Guam Supreme Court explained the standard that a trial court is to apply to a Defendant's motion for new trial under this section. *People v. Leslie*, 2011 Guam 23 ¶ 15. Reviewing the correctness of a trial court's decision to deny a motion for new trial, the *Leslie* court held,

> the trial court may 'weigh the evidence and in so doing evaluate for itself the credibility of witnesses.' Specifically, '[a] trial court may set aside the verdict, grant a new trial, or submit the issues for determination by another jury if it concludes that the evidence 'preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred.'

*Id.* Citing, *United States v. Alston*, 974 F.2d 1206, 1212 (9th Cir.1992) and *People v. Quinata*, 1999 Guam 6 ¶ 17.

Defendant argues that his counsel's failure to cross-examine the victim about his possible drug possession and the inconsistencies between his description of some of the

specific details of the night of the attack compared to another witness's description merit the ordering of a new trial. Under the above standard the court is not persuaded that the evidence of the victim's drug use at the time of the attack or the inconsistent testimony rises to the level of preponderating sufficiently heavy against the jury's verdict.

Defendant also argues that his counsel's failure to inquire about the victim's history of drug use violated his right to effective assistance of counsel and therefore entitles him to a new trial. Prior to the court analyzing this argument under the statutory standard a movant must first assert sufficient facts and argument for the court to make a finding about whether movant's counsel was ineffective. cf. *Lamb v. Hoffman*, 2008 Guam 2 ¶ 35. Defendant fails to meet this first burden.[2]

---

[2] To succeed on an ineffective assistance of counsel claim, defendant must demonstrate that counsel's conduct was deficient and that such deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 693 (1984). To demonstrate deficiency by counsel, defendant must 'overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy. *Id*. at 689. Then, defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694. Under *Hill*, a defendant challenging the validity of his guilty plea for ineffective assistance of counsel must show: 1) deficient performance, that his counsel's representation fell below an objective standard of reasonableness; and 2) prejudice, that there is a reasonable probability that but for his counsel's errors the outcome would be different. *Hill v. Lockhart*, 474 U.S. 52, 57-9 (1985).

## CONCLUSION

Based on the foregoing, the court denies Defendant's motions for acquittal, new trial and sealing of the record. The victim J.N. juvenile record shall remain sealed but made part of the record for purposes of a possible appeal.

SO ORDERED, this 28 day of _____ May _____ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I, the hereby certify that this is a true copy of the original on file in the office of the clerk of the Superior Court of Guam.
Clerk of Honorable Court

MAY 2 9 2013

_____ J. Mendiola
Deputy Clerk, Superior Court of Guam